833 F.2d 1005
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theresa Lynn Brewer OWENS, Plaintiff-Appellant,
v.
Michael G. CRAWFORD, ("Mike"), Defendant-Appellee.
 No. 87-1560.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 23, 1987.
Decided: Nov. 19, 1987.
 
 J.D. Todd, Jr., Nancy Hyder Robinson, Leatherwood, Walker, Todd & Mann, Felix L. Finley, Jr., The Finley Law Firm, P.A., on brief) for appellant.
 (Cary C. Doyle, J. Victor McDade, Doyle & O'Rourke, on brief) for appellee.
 Before SPROUSE, ERVIN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Theresa Lynn Brewer Owens appeals the dismissal of her 42 U.S.C. Sec. 1983 action against Police Officer Crawford. Owens alleged that Crawford deprived her of her property without due process of law, denied her her right to free speech and her right to liberty, committed assault and battery, and used excessive force. The district court found that none of Owens' claims rose to the level of a constitutional violation. The court declined jurisdiction over the pendent state claims and dismissed the action. We affirm the district court. The facts of the case are as follows.
 
 
 2
 While Owens was at work, she learned that Crawford was in the employees' parking lot and that her car was being blocked by the police car and a flatbed truck. When she went out to the parking lot, Crawford explained that Rodney Adams had come to take the car as it was titled in his name and she was behind in her payments. Owens stated that she repeatedly explained that the car had been turned over to her, as between her husband and herself, pursuant to court order. Neither the officer nor Adams presented claim or delivery papers to Owens.
 
 
 3
 Owens began using profanity in a loud voice. When Owens' supervisor came out to the lot, she found Adams and Owens screaming at each other. Owens asked for permission to call her lawyer and Crawford stated that he did not have time. Owens went back into the plant to call her mother. When she returned, she took her belongings from the car and placed them on the hood. Crawford held her by the wrist and told her that if she did that again, she would be locked up. Owens then took the car key off of her ring and threw it on the ground. The officer again grabbed her wrist. After this, Owens returned to work, and Adams and Crawford removed the car.
 
 
 4
 We find that Owens was not deprived of her property in violation of the Constitution. We agree that Owens can establish that she had an interest in the automobile and that the applicable laws of taking possession of the car were violated; nonetheless, the Supreme Court has held that where the state provides an adequate remedy for a deprivation resulting from a random, unauthorized act, there is no constitutional violation even where the deprivation is intentional. Hudson v. Palmer, 468 U.S. 517, 530-36 (1984).
 
 
 5
 Owens does not dispute the fact that she has a post-deprivation remedy in state court; instead, she argues that a state court remedy should not defeat her Sec. 1983 claim as she is alleging in addition that her substantive due process rights were violated. Moreover, she argues that a post-deprivation state court remedy should not defeat her claim where a pre-deprivation state remedy was not followed.
 
 
 6
 Regarding Owens' first argument, we find that the facts do not establish that Owens' substantive due process rights were violated. First, we find that Owens has not established that Crawford used excessive force.[1] In Carter v. Rogers, 805 F.2d 1153, 1158 (4th Cir.1986), we held that the force employed must not be unreasonable or unnecessary. See also Justice v. Dennis, 793 F.2d 573, 576 (4th Cir.1986) (degree of force must be necessary to protect legitimate state interest and permissible under all circumstances), reh'g granted, 802 F.2d 1486 (4th Cir.1986). The factors relevant to assessing the degree of force include, but are not limited to, the need for force, the degree of force applied, the injuries inflicted, and the totality of the circumstances surrounding the use of force. Justice, 793 F.2d at 577.
 
 
 7
 Owens was screaming, cursing, and was extremely upset. When she placed her belongings on the hood and threw her key to the ground, Crawford grabbed her by the arm twice. Owens admitted there were no bruise marks, and she did not seek any medical attention. Officer Crawford tried to use other means to quiet her down. He turned to Owens' co-workers at the scene and first asked them to calm her down. Under the totality of the circumstances, the degree of force used in this situation does not rise to the level of a constitutional violation. We agree with the district court that the injury Owens received, being held by the arm, was not sufficient to establish unreasonable or unnecessary force.
 
 
 8
 Second, it is clear from Owens' testimony that she freely exercised her first amendment right to free speech. She stated that she explained her position on her right to the car until "finally [she] was exhausted from telling him [her point] so much." Third, we agree with the district court that as Owens left the scene to call her mother and the officer waited for her return, Owens was not restrained from calling her attorney. Owens has not established that any of her substantive rights were curtailed.
 
 
 9
 Regarding Owens' second argument, the Supreme Court has held that when a state actor deprives a person of property through a random and unauthorized act, the state is in no position to provide for pre-deprivation process; therefore, the availability of some meaningful means by which to assess the propriety of the action at some time after the initial taking satisfies the requirements of procedural due process. Palmer, 468 U.S. at 531-34. Because the taking was unauthorized in this case and not sanctioned by established procedure, a pre-deprivation hearing would not only have been impracticable but impossible. As a result, with the provision of an adequate post-deprivation remedy for an unauthorized taking, there is no constitutional violation notwithstanding the fact that a pre-deprivation remedy was not followed.
 
 
 10
 Thus, we affirm the judgment of the district court. Because the facts and legal arguments are adequately presented in the briefs and record, the decisional process would not be significantly aided by oral argument.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The district court specifically declined to pass judgment on the state claims for assault and battery, and we make no judgment on whether Owens has met the standards for assault and battery under South Carolina law